**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| HARSHDEEP SINGH, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | Case No. 6:26-cv-03248-MBB |
| | ) | |
| TODD BLANCHE, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER

Petitioner Harshdeep Singh petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241. He argues that the Respondents (collectively, the "Government") provided him with a constitutionally deficient bond hearing. (**Doc. 1**, p. 9). He asks the Court to order the Government to release him or provide another bond hearing. (**Id.** at p. 10); (**Doc. 6**, p. 6). Because the Court lacks jurisdiction to review the immigration judge's discretionary decision to deny bond, the petition is DENIED.

## Background

Petitioner, an Indian citizen, entered the United States on an F-1 visa in 2022. (**Doc. 1**, pp. 1, 6). He filed an application for asylum the same year. (**Id.** at p. 1). He maintains employment authorization until 2030. (**Id.** at p. 2). On January 22, 2026, Petitioner was arrested and detained by ICE. (**Id.**). On February 9, 2026, an immigration judge held a bond hearing. (**Doc. 5-1**). The immigration judge denied bond, finding that Petitioner was a flight risk. (**Id.**). Petitioner did not appeal the bond denial. (**Doc. 5**, p. 2).

On April 24, 2026, Petitioner filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (**Doc. 1**). He complains that his bond hearing violated the Fifth Amendment because the

immigration judge improperly: (1) assigned the burden of proof to him instead of the Government; and (2) relied on Petitioner's low likelihood of obtaining asylum to presume a flight risk. (**Doc. 1**, p. 4); (**Doc. 6**, p. 2). The Government responds that 8 U.S.C. § 1226(e) precludes the Court from reviewing the immigration judge's discretionary decision to deny bond. (**Doc. 5**, p. 2).

### Discussion

28 U.S.C. § 2241 gives federal courts jurisdiction to hear constitutional challenges to the legality of immigration-related detention. *See **Zadvydas v. Davis***, 533 U.S. 678, 687 (2001). *See also **Rasul v. Bush***, 542 U.S. 466, 483-84 (2004) (holding that Section 2241 conferred jurisdiction to hear a challenge to an alien's detention). But "[d]istrict Courts in this circuit and elsewhere agree that a habeas petitioner under § 2241 bears the burden of demonstrating by a preponderance of the evidence that his or her detention is unlawful." ***Vargas Lopez v. Trump***, 802 F. Supp. 3d 1132, 1137 (D. Neb. 2025). *See also **Johnson v. Mabry***, 602 F.2d 167, 171 (8th Cir. 1979) ("Generally, the burden of proof in a habeas corpus proceeding is on the petitioner to establish by a preponderance of the evidence that he is entitled to relief.").

Petitioner fails to carry that burden. He disagrees with the immigration judge's discretionary decision to deny bond. The Court lacks jurisdiction to review that decision.

### I.      The Court lacks jurisdiction to review the immigration judge's bond denial.

"Congress enacted several statutory provisions that limit the circumstances in which judicial review of deportation decisions is available." ***Zadvydas***, 533 U.S. at 687. According to 8 U.S.C. § 1226(e), "[n]o court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole." Section 1226(e) governs "discretionary judgment[s] by the Attorney General or a decision that the Attorney General has made regarding . . . detention or release." *See **Demore v. Kim***, 538 U.S. 510,

2

516 (2003) (cleaned up); *Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018). Its limitation applies to "discretionary decisions about the application of § 1226 to particular cases." *Nielsen v. Preap*, 586 U.S. 392, 401 (2019) (internal quotation marks omitted).

Here, the Government afforded Petitioner a bond hearing where an immigration judge reviewed evidence and heard argument. (**Doc. 5**). After the hearing, the immigration judge denied bond because he believed that Petitioner was a flight risk. Petitioner disagrees with that decision. But "[a]n immigration judge's discretionary decision to grant, revoke, or deny bond is not subject to judicial review." *Roberto M.D. v. Garland*, 2021 WL 7161831, at *4 (D. Minn. Dec. 29, 2021); *Singh v. Easterwood*, 2026 WL 686830, at *1 (D. Neb. Mar. 11, 2026) ("the Court is without jurisdiction to second-guess the Immigration Judge's bond decision."). The Court may not review the immigration judge's bond denial because it was a discretionary decision insulated by Section 1226(e). *See Nielsen*, 586 U.S. at 401.

Petitioner alleges Fifth Amendment violations. "In reality, however, [his] contentions are an attempt to create jurisdiction by cloaking an abuse of discretion argument in constitutional or legal garb." *See Sharif v. Barr*, 965 F.3d 612, 621 (8th Cir. 2020) (internal quotation marks omitted). The Government can "continue to hold detainees simply by reference to the legislative scheme." *Baynee v. Garland*, 115 F.4th 928, 932 (8th Cir. 2024) (internal quotation marks omitted).

Nothing in the legislative scheme here—namely, Section 1226(a)—"even remotely supports" assigning the burden of proof to the Government. *See Jennings*, 583 U.S. at 306; *Nielsen*, 586 U.S. at 397-98 (noting that an alien may secure release under Section 1226(a) "if *he* can convince" the immigration judge that he is not a flight risk) (emphasis added). So "the burden of proof and the quantum of proof at the bond hearing are decisions for the immigration judge in

3

the first instance." *Bolus A. D. v. Secretary of Homeland Sec.*, 376 F. Supp. 3d 959, 963 (D. Minn. 2019).  Those decisions are insulated from judicial review.  *See* **8 U.S.C. § 1226(e)**.

Likewise, nothing in Section 1226(a) prevents an immigration judge from relying on Petitioner's "likelihood of relief from removal."  (**Doc. 5-1**, p. 3).  *See Johnson v. Arteaga-Martinez*, 596 U.S. 573, 581 (2022) (declining to read extra-statutory requirements into an immigration detention statute).  Even if it did, the immigration judge also relied on Petitioner's "other minimal ties to the United States" to deny bond.  (*Id.*).  That is a discretionary determination that the Court will not second guess.

### Conclusion

The Court lacks jurisdiction to review the immigration judge's discretionary decision to deny bond.  The Petition for a Writ of Habeas Corpus is DENIED.

**IT IS SO ORDERED.**

/s/ Megan Blair Benton
MEGAN BLAIR BENTON
UNITED STATES DISTRICT JUDGE

Dated:  May 19, 2026

4